52 F.3d 324
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Ahmad ABUZAHRIEH, Plaintiff-Appellant,
v.
Janet RENO; Immigration and Naturalization Service,
Commissioner of; Immigration and Naturalization
Service, District Director, Defendants-Appellees.
 No. 94-3918.
 United States Court of Appeals, Sixth Circuit.
 April 13, 1995.
 
 1
 Before: MARTIN and RYAN, Circuit Judges, and GILMORE, District Judge.*
 
 ORDER
 
 2
 Ahmad Abuzahrieh appeals through counsel the denial of his petition for naturalization pursuant to 8 U.S.C. Sec. 1421(c). The parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 3
 Abuzahrieh has been a permanent resident of this country since 1977. On September 25, 1992, he filed a petition for naturalization. He was interviewed in regard to his petition on January 13, 1993. Both on his petition and during the interview, Abuzahrieh answered "no" to the question of whether he had ever been arrested. However, he had furnished the INS in 1982 with documentation of the dismissal of charges of third degree robbery and possession of stolen property which he had been arrested for in 1979. The district director therefore denied the petition for naturalization on the ground that Abuzahrieh had given false testimony for the purpose of obtaining naturalization benefits, pursuant to 8 U.S.C. Sec. 1101(f), and therefore was not of good moral character and ineligible for naturalization under 8 U.S.C. Sec. 1427. Abuzahrieh appealed this decision, arguing that he had misunderstood the question due to poor English language skills, and that he thought that since he had never been convicted he was answering the question truthfully. The district director dismissed the appeal without holding a hearing and without making a finding on whether or not Abuzahrieh had understood the question. Abuzahrieh next sought review of this decision in the district court. The defendants filed a motion for summary judgment in which they argued that Abuzahrieh's claim that he had not understood the question was "simply unbelievable." The district court denied the motion by marginal notation, stating: "Clearly there is an issue of fact presented." However, on defendants' motion for reconsideration, the district court granted them summary judgment, noting that Abuzahrieh could reapply for naturalization in January, 1998.
 
 
 4
 On appeal, Abuzahrieh argues that the district court erred in entering summary judgment for defendants without resolving the issue of whether he understood the question regarding his arrest history and therefore whether he knowingly gave false testimony. Defendants' brief does not address this argument, but instead points out that it is not necessary that the false testimony be given on an issue material to the naturalization petition.
 
 
 5
 Upon review, we conclude that the district court erred in granting judgment to the defendants without first conducting an evidentiary hearing and resolving the issue of fact presented in this case. In similar cases, the district court has held an evidentiary hearing and made findings of fact which are then reviewed for clear error. See Dicicco v. United States Dep't of Justice INS, 873 F.2d 910, 912-13 (6th Cir.1989) (dispute over whether lack of proficiency with language precluded petitioner from knowingly waiving his eligibility for naturalization by his discharge from military service). See also Berenyi v. District Director, INS, 385 U.S. 630, 634 (1967) (district court held evidentiary hearing to resolve whether petitioner gave false testimony in denying membership in the Communist party). In this case, there has been no factual finding on the only issue presented, and this court is therefore unable to meaningfully review the decision below. Accordingly, the district court's judgment is vacated and this case is remanded for further proceedings.
 
 
 
 *
 The Honorable Horace W. Gilmore, United States District Judge for the Eastern District of Michigan, sitting by designation
 
 
 *
 The Honorable Horace W. Gilmore, United States District Judge for the Eastern District of Michigan, sitting by designation